IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| FRANCIS DEUSA, | )<br>)<br>) |
| Plaintiff, | ) CASE NO: 4:17-cv-2868 |
| v. | )<br>) |
| LTD FINANCIAL SERVICES, L.P., | )<br>)<br>) |
| Defendants. | ) |

**PLAINTIFF'S PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FRANCIS DEUSA, plaintiff in the above styled action ("Plaintiff"), complaining of Defendant, LTD FINANCIAL SERVICES, L.P., and for causes of action would respectfully show the Court as follows:

### I. CLAIM

1. This is an action for damages brought by an individual consumer against Defendant for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq., ("FDCPA") and the Texas Debt Collection Practices Act, Tex. Finance Code § 392, et seq. ("TDCA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. PARTIES

2. Plaintiff is an individual residing in Whitehall, PA.
3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the

FDCPA and Tex. Finance Code § 392.001(1).

4. LTD FINANCIAL SERVICES, L.P. ("LTD") is a business entity regularly engaged in the business of collecting debts in this State with a principal place of business at 7322 Southwest Freeway, Suite 1600, Houston, TX 77074. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### III. Jurisdiction

5. The Court has jurisdiction over the lawsuit because the suit arises under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et. seq.

6. Venue is proper in this district under 28 U.S.C. §1391(f)(3) because Defendant is licensed to do business or did and is doing business in this district.

### IV. Facts

7. Defendant attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Barclays Bank.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "Consumer debt" for purposes of Tex. Finance Code § 392.001(2) and "debt" for purposes of 15 U.S.C. § 1692a(5).

9. On or about April 13, 2017, Plaintiff and Barclays entered into a settlement agreement for Plaintiff's Barclays account ending in 6137. A copy of the settlement agreement is attached as Exhibit A.

10. Pursuant to the terms of the settlement, Plaintiff was required to make four (4) monthly payments totaling $1,687.00 to settle and close his account.

11. Thus, Barclays acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration of monthly payments which Plaintiff would be required to make.
12. Plaintiff via his debt settlement company, National Debt Relief ("NDR"), timely made the requisite settlement payments.
13. However, Barclays never withdrew these electronic payments from Plaintiff's trust account. A statement of Plaintiff's trust account during the relevant time period is attached as Exhibit B.
14. Although the funds were made available for Barclays, the payments were never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account.
15. On May 26, 2017, NDR contacted Barclays to resolve the payment discrepancy. A Barclays representative named Hector explained that the settlement agreement was voided.
16. On June 21, 2017, a LTD representative explained to NDR that Plaintiff's Barclays account was now with LTD and that LTD will not honor the settlement agreement.
17. Defendant knew or should have known that its actions violated the FDCPA and TDCA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA and TDCA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.
18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.
19. At all times pertinent hereto, the conduct of Defendant, as well as that

of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

20. Defendant's conduct, acts and failures were the cause and proximate cause of expenses, losses, and damages to Plaintiff.  The acts, conduct and failures of Defendant constituted violations of legal duties giving rise to at least the following cause of action:

### COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

22. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

23. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

    a. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

    b. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

    c. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

24. Defendant violated these provisions of the FDCPA by refusing to

honor Plaintiff's settlement agreement and attempting to collect additional monies from Plaintiff.

### COUNT TWO: TEXAS DEBT COLLECTION ACT

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

26. Defendant violated provisions of the TDCA, including, but not limited to, the following:

    a. Texas Finance Code § 392.304 (a)(8) prohibits the misrepresentation of the character, extent, or amount of a consumer debt.

    b. Tex. Finance Code § 392.304 (a)(19) prohibits any false representation or deceptive means to collect a debt.

27. Defendant violated these provisions of the TDCA by refusing to honor Plaintiff's settlement agreement and attempting to collect additional monies from Plaintiff.

### DAMAGES INCLUDING ATTORNEY FEES AND COSTS

28. As a result of the above violations, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

### JURY DEMAND

29. Plaintiffs make demand for trial by jury and tenders the appropriate fee.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing in this cause, Plaintiff have and recover a judgment against the Defendant as follows:

1) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);
4) That judgment be entered against Defendant for statutory and actual damages pursuant to Tex Fin Code § 392 *et. seq.*
5) That the Court award costs and reasonable attorney's fees pursuant to Texas Finance Code § 392.403(b); and
6) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Amy E. Clark
State of Texas Bar Number: 24043761
11801 Domain Blvd. 3rd Floor
Austin, Texas 78758
amy@amyclarklaw.com
512-850-5290

OF COUNSEL TO:
Reznik Law Firm
30 Wall St., 8th Floor, #741
New York, NY 10005
212-537-9276 – Telephone

ATTORNEYS FOR PLAINTIFF